IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION
3:05MC336-MU

| | |
|---|---|
| AVON PLASTICS, INC. d/b/a MASTER MARK PLASTICS, )<br>)<br>Plaintiff, )<br>)<br>v. )<br>)<br>PATRICIAN PRODUCTS, INC., )<br>)<br>Defendant. )<br>) | ORDER |

THIS MATTER is before the Court upon third party Lowe's Companies, Inc.'s (LCI) Motion to Quash Subpeona and Motion for Protective Order. In considering such a motion from a non-party, the Court must weigh the relevance of the information sought against the burden and prejudice posed to the non-party. Here, though LCI has raised many good points about the scope of Defendant's subpeona, Defendant has offered to narrow the scope of the subpeona to those issues directly related to claims and defenses in this action, and to maintain confidentiality by limiting the exposure of the material revealed. Though LCI's reluctance to reveal information about its vendor-selection process is understandable, this process does not rise to the level of a trade secret that might afford a higher standard of protection.

Insofar as Defendant has limited the scope of its subpeona to the direct rebuttal of Plaintiff's claims that LCI instructed Defendant to breach Plaintiff's trademark and that Defendant's relationship with LCI was obtained improperly, the subpeona is clearly appropriate and even necessary to Defendant's case. For this reason, LCI's motion is DENIED. Defendant is instructed to allow a reasonable time for LCI to prepare for deposition, to limit its questioning

into LCI's vendor-selection process to the extent practicable, and to maintain any confidential information as confidential.

IT IS SO ORDERED.

**Signed: December 15, 2005**

Graham C. Mullen
Chief United States District Judge